**William R. KOONTZ, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

**No. 9553.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 9, 1964.

Decided Nov. 13, 1964.

Franklin W. Kern, Charleston, W. Va., for appellant.

Donald Page Moore, Acting U. S. Atty. (George D. Beter, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH and J. SPENCER BELL, Circuit Judges, and WINTER, District Judge.

PER CURIAM.

Koontz filed an application in 1957 for a "freeze" of his Social Security record, and later amended the application to claim a period of disability and disability insurance benefits.

The record shows a deteriorating condition which had its beginnings at least as early as 1954, and which progressed to the point that, some years later, the applicant was unquestionably incapable of engaging in gainful employment.

The case was submitted to the District Court on the basis of the Government's contention that the claimant's eligibility expired on December 31, 1954. The District Court accepted that as being correct, and found that there was evidence in the record to support the administrative finding that the claimant was not disabled within the meaning of the Act on that date.

In this Court, the Government makes a limited, but frank, confession of error. It would contend here, as it did in the District Court, that the more liberal eligibility rules of the 1958 amendments do not apply, and that, normally, the last eligibility date would be December 31, 1954. However, on June 12, 1959, the claimant was advised by the Department of Health, Education and Welfare that the last eligibility date was March 31, 1956. That would be the date if the eligibility requirements of the 1958 amendments are applicable. It was on the basis of that advice that Koontz waived his right to appear personally at the hearing, and even the written waiver is equivocal, for Koontz appears to have indicated that he had additional evidence to submit. The hearing was held in his absence and without the submission of other evidence.

Under these circumstances, the District Attorney, with commendable frankness, suggests that his office unintentionally misled the District Court and agrees that a proper corrective would be to treat March 31, 1956 as the last eligibility date.*

If there were any doubt about the claimant's capacity to pursue any gainful occupation on December 31, 1954—a question we need not now consider in view of the Government's concession—it is entirely clear that he was unable to do so on March 31, 1956, and, at all subsequent times, has been disabled within the meaning of the Act.

For these reasons, the judgment of the District Court will be vacated and the case remanded with instructions to enter an appropriate judgment awarding benefits to the claimant.

Vacated and remanded.

---

* Since the claimant's impairments are now so clearly disabling, it would be a miscarriage of justice to send him back through the administrative process under a burden of showing what specific evidence he would have offered had he not been misled into waiving his right of personal appearance and of submitting additional evidence, if, in fact, he did waive it.